**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LINDA MCFADDEN,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | **CASE NO. 5:22-cv-109** |
| **SEATTLE BANK AND PHH MORTGAGE CORPORATION,** | § § § § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

Defendants, Seattle Bank ("Seattle Bank") and PHH Mortgage Corporation ("PHH MC") (collectively "Defendants"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

## BACKGROUND

On January 31, 2022, Plaintiff, Linda McFadden ("McFadden" or "Plaintiff"), filed an Original Petition and Application for Temporary Restraining Order ("Petition") against Defendants in the 285th Judicial District Court of Bexar County, Texas, Cause No. 2022-CI-01750 (the "Action").[1]  Plaintiff asserts claims against PHH for violation of 24 C.F.R. §206.125, violation of Tex. Prop. Code Sec. 51.002, negligent undertaking and injunctive relief to enjoin foreclosure, with respect to the property located at 5217 Borchers Drive, San Antonio, Texas, 78219 (the "Property").  Plaintiff has not requested service of process, and formal service has not been effected on Defendants.  Accordingly, this removal is timely pursuant to 28 U.S.C. §1446(b).

---

[1]  All of the filings from the Action are attached hereto as Exhibits 1-7.  The docket sheet appears as Exhibit 1.

4858-9469-9020.1

**FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331**

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  Plaintiff asserts claims for violations of 24 C.F.R. §206.125.[2]  The Court has jurisdiction over these claims because they arise under the laws of the United States. 28 U.S.C. § 1331; *see Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

The Court should also exercise supplemental jurisdiction over the Plaintiff's state law claims because federal question jurisdiction under 28 U.S.C. § 1331 is proper and the state law claims derive from a common nucleus of operative facts.  *See* 28 U.S.C. §1367; *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012).

**DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332 AND §1441**

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§1332, 1441 and 1446 because: (1) there is complete diversity between Plaintiff and Defendants; and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.

A.   **Complete Diversity Exists.**

There is complete diversity between Plaintiff and Defendants.

1.   **Plaintiff is a Citizen of Texas.**

Upon information and belief, Plaintiff is an individual residing at 5850 Castle Run, San Antonio, Texas 78218, and/or a Texas citizen domiciled in the Western District.  For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  "[D]omicile is established by physical presence in a place in connection with a certain state of mind

---

[2] *See* Petition, Ex. 2 ¶¶30-32.

concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Plaintiff does not state residence or citizenship outside of Texas and does not allege any intention to leave Texas. Thus, for diversity purposes, Plaintiff's domicile is in Texas and, therefore, Plaintiff is a citizen of Texas.

2. **Seattle Bank is a Citizen of Washington**

Seattle Bank is a citizen of Washington for purposes of diversity jurisdiction. For diversity purposes, a state bank is a citizen of the state in which they are incorporated/chartered and the state where their principal place of business is located. *Guillen v. Countrywide Home Loans, Inc.,* No. H-15-849, 2016 U.S. Dist. LEXIS 168134, at *7 (S.D. Tex. 2016) ("Under 28 U.S.C. § 1332(c)(1), state banks are citizens of the state where their principal place of business is located and of their state of incorporation."). Seattle Bank is a state savings bank organized under the laws of the state of Washington with a principal place of business in Seattle, Washington. Therefore, Seattle Bank is a citizen of Washington for diversity purposes.

3. **PHH MC is a Citizen of New Jersey.**

PHH MC is a citizen of New Jersey for purposes of diversity jurisdiction. PHH MC is a corporation. When considering diversity of citizenship, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporations' high level officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010). PHH MC is incorporated in New Jersey and has its principal place of business in New Jersey. Therefore, PHH MC is a citizen of New Jersey for diversity

purposes. *See Bohannon v. PHH Mortg. Corp.*, 655 F. App'x 760, 761 n. 2 (11th Cir. 2016)(PHH MC is a citizen of New Jersey).

**B.      Amount in Controversy is Met.**

The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff, among other things, seeks injunctive relief to prevent Defendants from foreclosing a lien secured against the Property.[3] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). Where "[t]he purpose of the injunctive [or] declaratory relief [is] to stop the foreclosure sale of . . . properties, 'the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented.'" *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). A common method of establishing the value of real property is to look to a county appraisal district's assessment. *Statin v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 545, 546-47 (5th Cir. 2014). As alleged by Plaintiff in her Petition, the 2021 appraised value of the Property according to the Bexar County Appraisal District is $109,160.00 and PHH had the

---

[3] *See* Petition, Ex. 2, ¶¶40-47.

Property appraised at $110,000.00 as of January, 2022.[4]  Therefore, the amount in controversy has been met.

While Defendants deny the allegations in the Petition, deny any liability to Plaintiff whatsoever, and deny that Plaintiff is entitled to any relief, if Plaintiff's allegations are proven to be true, the amount in controversy far exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney fees.

## **VENUE IS PROPER IN THIS COURT**

Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending.  This action was commenced in the 285th District Court of Bexar County, Texas on or about January 31, 2022. This Court embraces the 285th Judicial District Court of Bexar County, Texas, the state court in which this Action is now pending.  28 U.S.C. §§ 1391 and 1441(a).

## **ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders from the state court file of the Action are being filed with this Notice of Removal.  Defendants are filing with the clerk of the state district court in which this Action is pending, and are serving upon Plaintiff, a Notice of Removal, together with this Notice of Filing Notice of Removal and supporting documentation, pursuant to 28 U.S.C. §1446(d).

Based upon the foregoing, Defendants are entitled to remove this action to this Court under  28 U.S.C. §§ 1331, 1332, 1441 and 1446.

---

[4] *See* Petition, Ex. 2 ¶¶15 and 24; *see also* Appraisal District Profile, Ex. 7.

WHEREFORE, Defendants serve this Notice that this Action has been removed to the United States District Court for the Western District of Texas, San Antonio Division.

Dated:  February 8, 2022

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Brett W. Schouest*
Brett W. Schouest
State Bar No. 17807700
bschouest@dykema.com
Neyma Figueroa
State Bar No. 24097684
nfigueroa@dykema.com
112 E. Pecan, Suite 1800
San Antonio, TX  78205
(210) 554-5500
(210) 226-8395 (Fax)

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on the following counsel of record via the court's ECF system, U.S. CMRRR, and email in accordance with the Federal Rules of Civil Procedure on this 8th day of February, 2022.

D. Kimberli Wallace
Attorney at Law
1560 E. Southlake Blvd., Suite 100
Southlake, TX  76092
Kwallace@kwlawfirm.net

/s/  Brett W. Schouest
Brett W. Schouest